## AUGUST *et al.* v. FOURTH NAT. BANK.

*(Supreme Court, General Term, First Department.* March 28, 1890.)

**1. DEPOSITION—DE BENE ESSE—WHEN ALLOWED.**
    An examination *de bene esse* is properly allowed, though the witness has been examined at a former trial, where the attorney of the plaintiffs, who seek the examination, makes affidavit that the previous testimony did not present all the facts within his knowledge material and relevant to the issue.

**2. SAME—STIPULATIONS.**
    When it appears that the witness was in jail under an order of arrest in a suit against him by plaintiffs, and that his presence at the trial is important to a just determination of the case, plaintiffs will be required to stipulate that the deposition should be suppressed, if they allowed him to leave the jurisdiction.

Appeal from special term, New York county.

Action by Simon August and others against the Fourth National Bank. Defendant appeals from an order denying its motion to vacate an order for the examination of Frederick Fishel *de bene esse*. For report of former appeal, see 1 N. Y. Supp. 139.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Samuel Untermyer,* for appellant. *Charles M. Demond,* for respondents.

BARTLETT, J. This action has once been tried, and resulted in a verdict for the defendant. The judgment entered upon that verdict was reversed by the general term. 1 N. Y. Supp. 139. Perhaps the most important witness for the plaintiffs upon the first trial was Frederick Fishel, who testified to a large number of forgeries committed by himself. This witness has been for a long time incarcerated in the Ludlow-Street jail, in this city, under an order of arrest in an action brought against him by the plaintiffs in this suit. He is now ill, and the plaintiffs have obtained an order for his examination *de bene esse*, under section 870 of the Code of Civil Procedure. The defendant moved to vacate that order, but the motion has been denied upon conflicting affidavits as to the real condition of the health of the witness. Upon these affidavits the court below might very well reach the conclusion that it was a more prudent course to allow the testimony of Fishel to be perpetuated, inasmuch as this course could not harm the defendant if the witness should live and be able to attend the second trial, while it might be essential to the rights of the plaintiffs if their anticipations were realized, and the witness should die or be physically unable to attend when the case came on for trial a second time. But the appellant insists that there is no necessity for any examination at all, even to perpetuate the testimony of this witness, inasmuch as he

was fully examined upon the previous trial, and his testimony taken then can be used in case of his death; and on this point reference is made to the case of *Dambmann* v. *Butterfield*, 15 Hun, 495, where it was held that there could not be a second examination of a party before trial, unless special circumstances were shown establishing the necessity therefor.   The plaintiffs, however, claim that such circumstances exist in the present case by reason of the fact that the evidence of Fishel upon the former trial by no means presents all the facts within his knowledge which are material and relevant to the case against the defendant.   It further appears that the present attorney for the plaintiffs did not represent them upon the previous trial.   In the case of *Dambmann* v. *Butterfield, supra,* the opinion concedes the propriety of a second examination, where new facts have been developed requiring it, or where it appears that there were material omissions in the former examination. The assertion in the affidavit of the attorney for the plaintiffs that Fishel's testimony upon the previous trial did not present all the facts within his knowledge, material and relevant to the issue, fairly imports that there were material omissions in that examination.   If the affidavit had specified more clearly and in detail what some of those omissions were, it would be more satisfactory; but we think it contained enough to warrant the judge below in holding that a second examination was material and necessary, although in the exercise of his discretion he might very properly have required further proof of that fact.

The learned counsel for the appellant expresses considerable apprehension lest the plaintiffs, after they have completed the examination of Fishel, shall release him from custody under the process in their civil suit, and allow him to leave the jurisdiction, so that they can read his testimony upon the second trial, and will not be subjected to the disadvantage before a jury of calling, as a witness in their behalf, a confessed forger, who may be obliged to submit to a very disagreeable cross-examination, and one that may not be altogether advantageous to the plaintiffs' case.   Our knowledge of this litigation, derived from the previous appeal, convinces us that the presence of Fishel as a witness in person is extremely important to a just determination of the cause, and his presence ought not to be dispensed with, unless it is prevented by unavoidable circumstances.   Certainly the plaintiffs should not by any act of theirs be permitted to deprive the defendant of such advantage as may exist in having Fishel testify in person; and as a condition of affirming the order under review they should be required to stipulate that the deposition of the witness may be suppressed, if they enable him to leave the jurisdiction.

An objection is made to the form of the order of examination, on the ground that it is entitled in six actions, and that it directs the examination of the witness simultaneously in all six suits.   The practice of drawing orders in this form is exceedingly objectionable, and, if this order had to be construed so as to direct a consolidated examination, we should not hesitate to reverse it on that account alone.   Six separate orders appear to have been made, however, and the order of Mr. Justice ANDREWS, denying the motion to vacate further, directed that the depositions of Fishel should be taken separately, and was to this extent a modification of the original order, and corrected the erroneous direction therein contained, if that is to be interpreted as requiring a combined examination in the six actions.   The order appealed from should be affirmed, on condition that the plaintiffs stipulate that the deposition of the witness Fishel may be suppressed, if on the trial it appears to the satisfaction of the court that the said witness has been released from custody in their civil suit by the consent or connivance of the plaintiffs.   All concur.